IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

H. TIMOTHY S. KREGER,

    Plaintiff,                                                      05cv0789

v.                                                            **Electronically Filed**

BALDWIN BOROUGH,

    Defendant.

## Order on Defendant's Motions in Limine

After careful consideration of defendant Baldwin Borough's ("the Borough") motions in limine and briefs in support, plaintiff's responses, and the summary judgment record and pretrial filings, the Court will address and rule on each motion seriatim.

Remarks by Civil Service Commissioner Mark Sucevich (Document No. 29)

The Court agrees with plaintiff that derogatory remarks made by Civil Service Commissioner Sucevich are not hearsay because they are not offered for the truth of those derogatory inferences, but for the facts (if believed) that he made the remarks, that decision makers heard them, directly or indirectly, and that Sucevich was part of the decision making process, albeit not the actual decision maker.  Accordingly, this motion in limine is **DENIED**.

Evidence Regarding Back Pay (Document No. 31)

The Court agrees with plaintiff that there are disputed factual issues regarding whether plaintiff did or could have mitigated damages and whether any award of back pay should be diminished based upon plaintiff's alleged failure to mitigate.  These are matters for the jury to

determine after considering the evidence and the respective burdens of proof. Accordingly, this motion in limine is **DENIED**.

        Civil Service Commission (CSC) Questions and Remarks (Document No. 34)

The Borough seeks to exclude certain remarks and questions by some of the Commissioner's during plaintiff's interview with the CSC because the CSC is not a defendant and is an "independent body," and the Borough should not be held vicariously liable for the CSC's remarks and questions. The Court agrees with the Borough that the CSC has not been sued and is not a party. Indeed, in civil rights cases, it is the municipality that is properly named as a defendant, not sub-units of the municipality. *See Johnson v. City of Erie*, 834 F.Supp. 873, 878-79 (W.D. Pa. 1993) (dismissing Erie Police Department as defendant because was sub-unit of municipality and therefore improper and unnecessary party); *Patterson v. Armstrong County Children and Youth Services*, 141 F.Supp.2d 512, 542-43 (W.D.Pa. 2001) (County child protective agency was merely a sub-unit of the county, and not an independent entity for purposes of section 1983); *Agresta v. City of Philadelphia*, 694 F.Supp. 117, 119 (E.D. Pa.1988) (dismissing Philadelphia Police Department as defendant because it did not have corporate existence separate from city).

However, the Civil Service Commission acts pursuant to statute as an agent of the Borough and plays an integral role in its hiring process. As such, questioning and remarks of Commissioners at the hiring interview are relevant and are entitled to such weight as the jury deems appropriate. *See* 42 U.S.C.A. § 12111(5)(A) ("The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day

2

in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, . . . .); *DeVito v. Chicago Park Dist.*, 83 F.3d 878 (7th Cir. 1996) (even if personnel board was separate and distinct entity from park district, board was agent of park district, and under ADA, park district was liable for board's actions, where personnel board adjudicated employment disputes on behalf of park district, and board was composed entirely of park district administrators).  Accordingly, this motion in limine is **DENIED**.

Civil Service Commission's Status (Document No. 36)

The Borough also seeks to preclude admission of any statements by plaintiff, plaintiff's counsel and plaintiff's witnesses indicating that the CSC is a "representative of the defendant." This motion is somewhat puzzling because the CSC is designated as "The Civil Service Commission of the Borough of Baldwin."  The Borough's objection seems to be essentially the same overruled objection set forth in its previous motion in limine, and for the reasons set forth above, this motion in limine is **DENIED**.

EEOC Determination of Violation (Document No. 38)

The Borough seeks to exclude evidence and testimony of the EEOC determination.  The Court agrees with the Borough that the EEOC determination in this case (that defendant violated the ADA) should not be admitted because its probative value does not outweigh its substantial prejudicial impact to defendant.  Fed.R.Evid. 403.  In his response, plaintiff indicates that he does not intend to introduce the EEOC determination.  Accordingly, the Court will **GRANT** this motion in limine and exclude any evidence or testimony about the EEOC determination.

                                       **SO ORDERED this 8th day of February, 2006.**

                                       s/ Arthur J. Schwab
                                       Arthur J. Schwab
                                       United States District Judge

cc:     All counsel of record as listed below

Samuel J. Cordes, Esquire
Ogg, Cordes, Murphy & Ignelzi
245 Fort Pitt Boulevard - Fourth Floor
Pittsburgh, PA 15222

Patricia A. Monahan, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
600 Grant Street, USX Tower
Suite 2900
Pittsburgh, PA 15219