# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H. TIMOTHY S. KREGER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 05-789 |
| | ) | |
| vs. | ) | U.S. District Judge Arthur J. Schwab |
| | ) | |
| BALDWIN BOROUGH, | ) | |
| PENNSYLVANIA, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court are various Motions as follows; Defendant's Motion for Post Trial Relief, including a Motion to Mold the Verdict, Plaintiff's Motion for Equitable Relief and Plaintiff's Motion for Attorney Fees and Expenses, which are herein resolved as follows:

1. Plaintiff filed a Motion for Attorney Fees and Expenses in the amount of $88,827.70 in fees and costs of $7,583.15. Since the filing of the Motion, Plaintiff's counsel represents that additional fees and costs have accrued with regard to the Motion for Equitable Relief and other matters. The Court notes that the parties have agreed to resolve Plaintiff's Counsel Fee Motion in the amount of $110,000.00 and it is so ORDERED.

2. Defendants filed Post-Trial Motions including a Motion to Mold the Jury Verdict from $500,000.00 to $50,000.00. In that Defendants have provided adequate proof to the Court that at all relevant times, the Borough of Baldwin did not employ less than 14 or more than 100

employees, it is so ORDERED that the Verdict is molded to $50,000.00. It is further noted that Defendant has agreed to withdraw all remaining Post-Trial Motions and the same are therefore DENIED as moot.

3. Plaintiff filed a Motion for Equitable Relief seeking an Order compelling Baldwin to immediately hire him as a police officer and directing Baldwin to list Plaintiff's date of hire for purposes of both benefits and competitive seniority as May 24, 2000. The Court GRANTS Plaintiff's Motion for Equitable Relief and hereby ORDERS as follows:

- a. Plaintiff's date of hire for purposes of both benefits (including pension) and competitive seniority, is May 24, 2000.

- b. Plaintiff is to be considered provisionally hired and his full time appointment is contingent, among other requirements, upon successfully completing the standard medical and psychological examination which is required of all provisional police hires pursuant to Borough Policies and the requirements of the Municipal Police Officer Education and Training Commission. The Borough is ORDERED to immediately refer Plaintiff to the medical and psychiatric facility which it customarily utilizes for said evaluations for the next available appointment.

- c. Further, upon successfully passing the medical and psychological evaluations, Plaintiff shall be considered a probationary police officer for a period of one year, consistent with Borough policies.

- d. Plaintiff is required to successfully complete the Field Training Officer program consistent with Borough policies.

- e. Upon successfully completing the probationary period, Plaintiff's retention shall be the equivalent of a permanent appointment, unless, at the close of the probationary period the conduct or fitness of Plaintiff has not been satisfactory to Borough Council. However if Plaintiff is not retained at the close of the probationary period, said decision on the part of the Borough may be reviewed upon motion by Plaintiff to this Court in order to ensure that said decision was not in retaliation for his participation in this lawsuit.

- f. Defendant is ENJOINED from taking any action against Plaintiff in retaliation for his participation in this lawsuit.

4. The medical and psychological examinations shall be scheduled by the Borough to take place forthwith, and in any event said examination shall be accomplished within thirty days of the date of this Order.

5. The Court shall retain jurisdiction for purposes of enforcing, if necessary, this ORDER.

BY THE COURT:

U.S. District Judge Arthur J. Schwab

April 28, 2006